Fred J. Munder, J.
Plaintiff, a taxi driver, sues for personal injuries he claims to have sustained as a result of an automobile accident on January 11, 1958 at the intersection of Market Street and Franklin Boulevard in Long Beach.
Franklin Boulevard is a divided highway with a substantial grass mall running through its center. Market Street is about 30 feet in width and has two concrete lanes. Plaintiff was driving westerly on Market Street. As he approached Franklin Boulevard he came to a traffic control sign with the legend “ Yield right of way ’ ’. He said that he stopped at the sign, but because his vision was obscured by a hedge on the corner to his left, he started up again. He said he drove ahead and then stopped about one foot past the easterly curb line of Franklin Boulevard when he saw the defendant’s delivery truck coming north on Franklin Boulevard at a fast rate of speed.
There was some ice on the road. Plaintiff said that the defendant’s car skidded to the right from the center of the lane he was on and into the left side of plaintiff’s car. He said that the defendant’s vehicle was about 90% in Market Street when the cars came to rest after the collision.
The defendant’s driver, a young part-time employee of the defendant, said he had stopped for a red light two blocks before Market Street, then proceeded in a northerly direction at about 20 miles per hour. He said that when he was at the intersection plaintiff came into Franklin Boulevard; that plaintiff’s car was moving and he, defendant’s driver, tried to stop but skidded on the icy road and hit plaintiff’s car. He said he skidded forward and to the right but that the accident happened within the intersection.
The differences in these accounts of the accident must be resolved on the credibility of the witnesses. One test of this is the prior statements made by them. On his motor vehicle accident report, plaintiff said he 1 ‘ was shifting from first to second *872 speed when I saw the delivery ear about 50 feet south of me coming at a fast rate. I was going to turn right as I figured he would turn left, but his front wheels were locked and he crashed right into the center of my taxi ’ ’. The disparity between this report and plaintiff’s testimony is obvious.
In addition, although the principal claim for personal injuries related to plaintiff’s defective hearing and on a medical examination on April 11,1958, the diagnosis was a nerve loss of hearing and a further examination in November of 1958 revealed a total loss of hearing in one ear and a 64.9% loss in the other ear, plaintiff on applying for a renewal of his chauffeur’s license in May of 1958 in answer to the question “ Have you defective hearing?” stated “No”. This, it seems to me, quite clearly demonstrates an easy disregard for truth where a personal interest is involved.
It would be difficult for me, consequently, to accept at full value plaintiff’s account of the collision. Therefore I cannot conclude that he has borne the burden of proof, which was his.
Defendant’s testimony, on the other hand, was not at odds with his accident report and, actually, was corroborated to a considerable extent by plaintiff’s own accident report. This report, plaintiff says, was written by someone else. But he signed it and it may not be disregarded. When he signed it he adopted it regardless of its author.
On the whole case I find that plaintiff failed to establish his freedom from contributory negligence and the complaint must be dismissed.
This constitutes the decision of the court pursuant to section 440 of the Civil Practice Act.
Submit judgment accordingly.